**YUE RONG LIAN, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, et al., Respondents.**

**No. 07–3840–ag.**

United States Court of Appeals, Second Circuit.

July 17, 2008.

For Petitioner: Pro se.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Victor M. Lawrence, Senior Litigation Counsel, Aaron D. Nelson, Trial Attorney, Office of Immigration Litigation, U.S. Department, of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. B.D. PARKER, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Yue Rong Lian, a native and citizen of the People's Republic of China, seeks review of an August 15, 2007 order of the BIA denying her motion to reopen proceedings. *In re Yue Rong Lian,* No. A73 596 252 (B.I.A. Aug. 15, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) ("There is a strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases.")). When the agency denies a motion to reopen, this Court reviews the agency's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S.* *Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Lian's motion to reopen. A party may file only one motion to reopen. 8 C.F.R. § 1003.2(c)(2). However, the numerical limitation does not apply to a motion to reopen that is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

■ It is undisputed that Lian's motion to reopen was numerically barred where she previously filed a motion to reopen in June 2003. 8 C.F.R. § 1003.2(c)(2). However, Lian claimed in her motion that the birth of her third child constituted a change in personal circumstances and that country conditions in China had changed. As to the former claim, the BIA properly found that a change in personal circumstances cannot establish changed country conditions excusing an applicant from the numerical limitation on motions to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005) (finding that the birth of U.S. citizen children constitutes a change in personal circumstances and not a change in country conditions, and therefore does not establish an exception to the filing deadline for motions to reopen); 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

■ With regard to Lian's changed country conditions claim, we cannot find that the BIA abused its discretion. *See Kaur,* 413 F.3d at 233. Construing Lian's brief generously, it challenges the BIA's failure to explicitly consider the letter and alleged sterilization certificate from her

brother-in-law's wife. These documents pertain to sterilization resulting from the birth of children in China, rather than the birth of children abroad; the BIA therefore did not abuse its discretion in failing to explicitly consider them. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336–37, n. 17 (2d Cir.2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."). Moreover, the BIA did not abuse its discretion in rejecting the notice from the LangQi Town Birth Control Office in the record. *See Kaur*, 413 F.3d at 233. The notice states that the punishment for violation of local birth planning regulations is "severe monetary punishment." But it does not indicate the amount of the fine, and Lian never explained how any such fine would affect her family's subsistence. Accordingly, we see no abuse of discretion in the BIA's conclusion that the notice failed to establish changed country conditions. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir.2002) (finding no economic persecution where petitioner did not present evidence of his income in China, or other facts that would make it possible to evaluate his personal financial circumstances in relation to the fines imposed by the government). But *see Matter of T–Z–*, 24 I. & N. Dec. 163, 174 (BIA 2007) (finding that government sanctions that reduce an individual to an impoverished existence may constitute persecution). Because the BIA properly found that Lian's evidence was thus insufficient to establish changed country conditions, it properly denied Lian's motion to reopen as numerically barred and we need not reach its other findings. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).